JUDGE WOODS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

19 CV 03785

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

ONE OR MORE UNKNOWN TRADERS IN THE SECURITIES OF ANADARKO PETROLEUM CORPORATION,

Defendants.

---

19 Civ. _____ ( ___ )

ECF CASE

## [PROPOSED] ORDER TO SHOW CAUSE, FREEZING ASSETS, AND GRANTING OTHER RELIEF

The Court enters this Order on the Emergency Application of Plaintiff Securities and Exchange Commission (the "SEC") for an order: (1) freezing assets; (2) requiring Defendants' identification; (3) requiring repatriation of assets; (4) preventing document alteration or destruction; (5) expediting discovery in this action; (6) providing for alternative service of process against Defendants; and (7) requiring Defendants to show cause why the Court should not issue a Preliminary Injunction and impose other relief against them.

The Court has considered the entire record of this case, including: (1) the Complaint; (2) the Declaration of Jeffrey Cohen and the exhibits thereto; (3) Plaintiff's Memorandum of Law in Support of Its *Ex Parte* Emergency Application for an Order to Show Cause, Asset Freeze and Other Relief; (4) Plaintiff's Emergency Application for an Order to Show Cause, Asset Freeze and Other Relief; and (5) the Certification of Counsel pursuant to Local Rule of Civil Procedure 6.1(d) and Federal Rule of Civil Procedure 65(b)(1)(B).

Based on the record, the Court finds:

1. This Court has jurisdiction over the subject matter of this action and over the Defendants, and venue properly lies in this District. Defendants are one or more unknown purchasers of the securities of Anadarko Petroleum Corporation ("Anadarko"), who purchased between February 8, 2019 and April 1, 2019. The stock of Anadarko is traded on the New York Stock Exchange.

2. The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(1)] and Federal Rule of Civil Procedure 65(b) for the following reasons:

   A. Based on the evidence presented, there is a basis to infer that the Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, as alleged in the Complaint.

   B. It appears that an order freezing the Defendants' assets or proceeds related to the allegations in the Complaint, as specified herein, is necessary to preserve the *status quo* and to protect this Court's ability to award relief in the form of disgorgement of illegal profits from the violations, prejudgment interest thereon, and civil penalties.

   C. It appears that an order requiring each Defendant and any agents of any Defendant to promptly submit identifying information to this Court and the SEC including: (a) Defendant's name, all business and residential addresses, postal box numbers, telephone numbers, facsimile numbers, e-mail addresses, and nationality; and (b) a listing of each account with any financial institution or brokerage firm maintained by the Defendant or for Defendant's direct or indirect beneficial interest, is appropriate.

D.  It appears that an order directing Defendants to repatriate assets to the United States, as specified herein, is necessary to protect this Court's ability to award relief in the form of disgorgement of illegal profits obtained as a result of the violations, prejudgment interest, and civil penalties.

E.  It appears that an order prohibiting Defendants from destroying, mutilating, concealing, altering or disposing of records of any kind, including but not limited to financial records, that refer, reflect, or relate to the allegations in the Complaint, or that refer, reflect, or relate to the Defendants' assets, finances or business operations, is necessary, to ensure, among other things, compliance with the asset freeze imposed on the Defendants' assets, and to protect the integrity of this litigation.

F.  Good and sufficient reasons have been shown why a procedure other than by notice of motion is necessary. It is appropriate for the Court to issue this Order to Show Cause *ex parte* so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

G.  Good and sufficient reasons have been shown why alternative means of service on Defendants by e-mail are warranted. It appears that the SEC will encounter undue delay serving the Defendants through means agreed upon by the Hague Convention or authorized under the Federal Rules of Civil Procedure, and it is, thus, appropriate to authorize service by alternative means that comports with constitutional notions of due process. The alternative means of service proposed by the SEC (i.e., via Defendants' brokers and other agents with whom they have regular contact) are reasonably calculated, under all the circumstances, to apprise the Defendants of the pendency of the action and afford them an opportunity to present their objections.

  H. Good and sufficient reasons have been shown why expedited discovery is warranted.

**NOW, THEREFORE,**

**I.**

**IT IS HEREBY ORDERED** that, pending a hearing and the Court's adjudication of the SEC's application for an asset freeze, Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, or who have custody of the below assets, who receive actual notice of such Order by personal service or otherwise, and each of them, hold and retain within their control and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal of any assets related to the allegations in the Complaint, held by, or under the direct or indirect control of Defendants, whether held in any of their names or for any of their direct or indirect beneficial interests wherever situated, including, but not limited to: all assets and proceeds relating to the trading of Anadarko options between February 8, 2019 and the present in accounts held at Cowen International Ltd., and executed and cleared through Pershing LLC Account Nos. XXXXX6622 or Account No. XXXXX6366, or in accounts held at Renaissance Securities (Cyprus) Limited, and executed and cleared though Interactive Brokers LLC Account No. XXXX9185, including, but not limited to, the gross proceeds of any sales of the Anadarko options, any unsold Anadarko options, any Anadarko shares received from the exercise of the options (including, but not limited to, any such shares transferred to Nomura Securities International or other firms), the proceeds of the sale of any Anadarko shares received from the exercise of the options, and any other shares, options, or proceeds traceable to such Anadarko proceeds, options or shares, wherever they may be located.

This Order also encompasses any portion of these assets that may be held in any account(s) into which such assets can be traced, including accounts to which the proceeds may have been transferred.

## II.

**IT IS FURTHER ORDERED** that, pending a hearing and the Court's adjudication of the SEC's application for an order prohibiting the destruction of records, Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby enjoined and restrained from destroying, altering, concealing, or otherwise interfering with the access of the SEC to any and all documents, books and records, that are in the possession, custody, or control of the Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Defendants' assets, finances or business operations.

## III.

**IT IS FURTHER ORDERED** that Defendants and each of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, including facsimile transmissions, electronic mail, or overnight delivery service, and each of them, shall, within five (5) days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest bearing account, any and all funds or assets that presently may be located outside of the United States that were obtained directly or

## VI.

**IT IS FURTHER ORDERED** that Defendants show cause, if there be any, to this Court at 11:00 an on May 20, 2019, in Room 12C of the United States Courthouse, 500 Pearl Street, New York, New York 10007, why this Court should not enter a preliminary injunction extending the asset freeze and other ancillary relief entered in this Order until final adjudication of this case on the merits.

## VII.

**IT IS FURTHER ORDERED** that the Defendants shall deliver any opposing papers in [filing them with the Court and by] response to the Order to Show Cause above no later than May 13, 2019, at 5:00 p.m. Service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to Keefe Bernstein, Securities and Exchange Commission, 801 Cherry Street, Suite 1900, Fort Worth, Texas 76102, phone (817) 900-2607, or such other place as counsel for the SEC may direct in writing. The SEC shall have until May 15, 2019, at 5:00 p.m., to serve, by the most expeditious means available, any reply papers upon the Defendants, or their counsel, if counsel shall have made an appearance in this action by filing with the Court and

## VIII.

**IT IS FURTHER ORDERED** that, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure and the Local Rules of this Court, certain discovery shall proceed on the following expedited basis: (1) the SEC is authorized to take depositions upon oral examination subject to three (3) days' notice pursuant to Rule 30(a) of the Federal Rules of Civil Procedure; (ii) ~~all depositions in this action, unless properly noticed to take place elsewhere,~~ shall be taken within [GHW 4/29/19] ~~the United States~~; (iii) pursuant to Rules 29, 33, 34, and 36 of the Federal Rules of Civil

7

Procedure, each Defendant shall respond to five interrogatories and ten requests for admission by the SEC within five (5) days of service of such request and produce documents requested by the SEC within ten (10) days of service of such request; (iv) the SEC is authorized to request the production of documents from non-parties, including but not limited to Cowen International Ltd., Renaissance Securities (Cyprus) Limited, Pershing LLC, Interactive Brokers LLC, Nomura Securities International, each of which shall produce documents requested by the SEC within five (5) days of service of such request; and (v) all written responses to the SEC's discovery requests shall be delivered to Keefe Bernstein, Securities and Exchange Commission, 801 Cherry Street, Suite 1900, Fort Worth, Texas 76102, phone (817) 900-2607, or such other place as counsel for the SEC may direct in writing, by overnight delivery.

### IX.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Defendants and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by e-mail service, personal service, or otherwise.

### X.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED,** this 29th day of April, 2019 at 10:22 a.m.

_____
UNITED STATES DISTRICT JUDGE