USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _7/16/19_____

**MEMORANDUM ENDORSED**

July 15, 2019

Lori A. Martin

+1 212 295 6412 (t)
+1 212 230 8888 (f)
lori.martin@wilmerhale.com

**BY ECF**

Hon. Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re:   *SEC v. One or More Unknown Traders in the Securities of Anadarko Petroleum Corp.*,
      19-cv-03785 (S.D.N.Y.)

To the Honorable Gregory H. Woods:

Non-party Nomura International plc ("NIP") writes pursuant to Sections I.A and F of Your Honor's Individual Practices to request that the Court modify its orders dated April 29, 2019 and May 20, 2019 with respect to NIP. NIP has conferred with counsel for Plaintiff Securities and Exchange Commission ("SEC"), which does not oppose the relief requested. The basis for the request is set forth below.

**BACKGROUND**

On April 29, 2019, the Court entered an Order to Show Cause, Freezing Assets, and Granting Other Relief related to trading in Anadarko Petroleum Corporation ("Anadarko") call option contracts (the "April 29 Order") [Dkt. No. 3]. The April 29 Order included a provision freezing assets related to the allegations in the Complaint, including "all assets and proceeds relating to the trading of Anadarko options between February 8, 2019 and [April 29, 2019] in accounts held at Cowen International Ltd., and executed and cleared through Pershing LLC Account Nos. XXXXX6622 or Account No. XXXXX6366" and "the gross proceeds of any sales of Anadarko options, any unsold Anadarko options, any Anadarko shares received from the exercise of the options (including, but not limited to, any such shares transferred to Nomura Securities International or other firms), the proceeds of the sale of any Anadarko shares received from the exercise of the options, and any other shares, options, or proceeds traceable to such Anadarko proceeds, options or shares, wherever they may be located." April 29 Order at page 4, Section I. On May 20, 2019, the Court entered an Order Granting Preliminary Injunction Extending Asset Freeze and Other Relief (the "May 20 Order") [Dkt. No. 13], which extended the described trading period to May 20, 2019, and extended the asset freeze though the pendency of this action. *See* May 20 Order at page 4, Section I.

NIP instituted an asset freeze on the 2,529 shares of Anadarko held on account of Cowen International Limited in a NIP prime brokerage customer omnibus account (the "Cowen

**WILMERHALE**

Hon. Gregory H. Woods
July 15, 2019
Page 2

International Prime Brokerage Account"). NIP also increased the margin requirement on the Cowen International Prime Brokerage Account in an amount totaling $15.53 million to secure an additional value equal to the sum of the proceeds of all sales by Cowen International Limited of Anadarko securities, regardless of the execution or clearing agent, during the period between February 8, 2019 and April 29, 2019. A margin requirement is the amount of cash and other collateral Cowen International Limited must maintain under the prime brokerage agreement in order for NIP to make funds available for trading in the Cowen International Prime Brokerage Account. Thus, the imposition of an increased margin requirement effectively froze $15.53 million of value in the Cowen International Prime Brokerage Account.

**REQUESTED RELIEF**

NIP seeks an order expressly authorizing it to release assets that do not relate to the subject matter in the Complaint. The Cowen International Prime Brokerage Account continues to hold shares of Anadarko, including 2,529 of the 25,000 shares referenced in the Complaint that cleared through Pershing LLC. NIP proposes to expressly exclude from the scope of the asset freeze Anadarko shares in the Cowen International Prime Brokerage Account other than those 2,529 shares. The Cowen International Prime Brokerage Account also continues to have an increased margin requirement equal to the value of all sales of Anadarko securities by Cowen International Limited in the Cowen International Prime Brokerage Account during the period between February 8, 2019 and April 29, 2019 ($15.53 million). NIP proposes to reduce the increased margin requirement to a value equivalent to the proceeds of the sale of 25,000 Anadarko shares on April 12, 2019, the date of the public announcement (Complaint ¶ 18), an amount totaling $1.565 million.

In order to provide Cowen International Limited with the full use of its funds in the Cowen International Prime Brokerage Account that do not appear to have any connection with the allegations in the Complaint, NIP requests a modification of the Court's prior orders with respect to NIP as follows and as set forth in the proposed order filed on ECF:

> With respect to Section I of the April 29 and May 20, 2019 Orders freezing assets related to the allegations in the Complaint, the asset freeze with respect to Nomura International plc and Nomura Securities International Inc. shall be limited to (i) the 2,529 shares of Anadarko held on account of Cowen International Limited in the Nomura International plc prime brokerage customer omnibus account (the "Cowen International Prime Brokerage Account"); and (ii) the increased margin requirement of $1.565 million secured by Nomura International plc in the Cowen International Prime Brokerage Account.

WILMERHALE

Hon. Gregory H. Woods
July 15, 2019
Page 3

We have consulted with counsel for the SEC and they have indicated that they do not oppose the relief requested.

Respectfully submitted,

/s/ Lori A. Martin
Lori A. Martin
WILMER CUTLER PICKERING HALE
   AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800 (t)
(212) 230-8888 (f)
lori.martin@wilmerhale.com

*Counsel for Nomura International plc*

Application denied without prejudice.  The information presented in this letter is an insufficient basis for the Court to grant the requested relief.  In the event that this application is renewed, the Court expects that it will be accompanied by (1) a sworn affidavit attesting to all asserted facts that are the basis of the request as included in this letter and in the recitals of the proposed order and (2) a letter from the SEC stating the agency's position on this issue.
SO ORDERED.

Dated:  July 16, 2019
New York, New York

_____
GREGORY H. WOODS
United States District Judge