

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
phone: 817-900-2607  email: bernsteink@sec.gov

July 19, 2019

VIA ECF

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 12C
New York, NY 10007

> Re:     *SEC v. One or More Unknown Traders in the Securities of Anadarko Petroleum Corporation,* U.S.D.C for the S.D.N.Y. (1:19-cv-03785-GHW)

To the Honorable Judge Woods:

Pursuant to the Court's May 20, 2019 Order (Dkt. No. 13), Plaintiff Securities and Exchange Commission ("SEC") respectfully provides this status letter.  In connection therewith, the SEC also respectfully requests that the Court grant the SEC an additional 120 days to serve an amended Complaint and Summons.  The basis and authority for the request is set forth below.

Status Report

The matter arises from highly suspicious trading by unknown traders using foreign accounts to purchase out-of-the-money call option contracts in the securities of Anadarko Petroleum Corporation ("Anadarko") shortly before the April 12, 2019 announcement of Chevron Corporation's intention to acquire Anadarko.  The unknown traders purchased 1,650 Anadarko calls through an account at Cowen International Ltd. in the UK ("Cowen Account"), a second UK account at Cowen International Ltd. for Sun Global ("Cowen-SG Account"), and an account in Cyprus at Renaissance Securities (Cyprus) Limited ("Renaissance Account").

On April 29, 2019, the SEC filed its Complaint and an *ex parte* emergency application for an order freezing assets and granting other relief to prevent the dissipation of proceeds from the suspicious trading.  (Dkt. Nos. 1, 8-10)  The same day, the Court entered an Order granting the application.  (Dkt. No. 3)  On May 20, 2019, the Court entered an Order granting a preliminary injunction extending the asset freeze during this action.  (Dkt. No. 13)

The SEC has been working diligently to obtain additional information about the trading at issue in the Cowen and Cowen-SG Accounts and to identify the trader(s) responsible for the decisions to purchase the Anadarko securities in those accounts.  Prior to the entry of the preliminary injunction, the SEC requested the assistance of the UK's Financial Conduct Authority ("FCA") to obtain information from Cowen International Ltd. ("Cowen") and served a document

subpoena to a U.S. affiliate of Cowen.  As a result of those efforts and communications with counsel, the SEC received information indicating that trades in the Cowen and Cowen-SG Accounts were placed on behalf of a foreign hedge fund that is a client of Sun Global Investments Ltd. ("Sun Global"), a UK-based investment advisory and brokerage firm.

The SEC, with the assistance of the FCA, has now obtained trading and account records from Sun Global.  Sun Global, through its U.S. counsel, has also been voluntarily producing additional documents and communications relating to the trading at issue.  That production is ongoing.  Based on information reviewed to date, the SEC believes the trades at issue in the Cowen and Cowen-SG accounts were executed on behalf of a hedge fund organized in the Cayman Islands that is a Sun Global client.  The staff is continuing to work to determine the person(s) responsible for the decisions to purchase the Anadarko securities for the fund and the facts and circumstances surrounding those decisions.  On information and belief, the person or persons are located in the UK.

The SEC has made similar efforts to obtain information about the trade at issue in the Renaissance Account and to identify the trader(s) responsible for the decision to purchase the Anadarko securities in that account.  Prior to the entry of the preliminary injunction, the SEC requested the assistance of the Cyprus Securities and Exchange Commission ("CySEC") to obtain information from Renaissance Securities (Cyprus) Limited ("Renaissance").  As a result of those efforts and communications with counsel, the SEC determined the Renaissance customer who requested the trade at issue is Veles International Limited, a Cyprus-based investment firm and subsidiary of IC Veles Capital LLC, a Russian-based investment company (collectively, "Veles"). The information further indicated that the trade was made on behalf of a client of Veles in Cyprus.

The SEC, with the assistance of CySEC, has now obtained trading and account records from Veles and its client.  Veles, through its U.S. counsel, has also been voluntarily producing additional documents and communications relating to the trading at issue.  That production is also ongoing.  Based on information reviewed to date, the SEC believes the trade at issue in the Renaissance account was requested by Veles on behalf of its Cyprus-based client.  The staff is continuing to work to identify the person(s) responsible for the decision to purchase the Anadarko securities and the facts and circumstances surrounding that decision.  On information and belief, the person or persons are located in Russia.

Counsel for Sun Global (and the fund) and counsel for Veles have indicated a willingness by their respective clients to cooperate with the SEC to continue to voluntarily provide relevant information, including information that the SEC hopes will confirm the identities of the traders. After the voluntary productions are completed and the SEC has an opportunity to assess the information and potential follow-up inquiries, the SEC believes it will be in a better position to evaluate whether to amend its Complaint to name a trader or traders.  The SEC does not know how long this process will take, but it is working on an expedited basis to process and review information as it is obtained.  If the SEC determines to amend the Complaint to name a trader or traders, it could take several months to serve the Complaint overseas.

<u>Request for Service Extension</u>

The SEC therefore respectfully requests that the Court grant it an additional 120 days to amend and serve the Complaint and Summons.  Pursuant to Rule 4, the plaintiff is typically

required to serve the defendant(s) within 90 days after filing of the complaint. FED. R. CIV. P. 4(m). However, this 90-day requirement does not apply to service in a foreign country. *Id.* The SEC has obtained information indicating that the traders at issue are located in the UK and Russia. Thus, the 90-day requirement is likely not applicable in this case.

In the unlikely event that the traders are capable of being served in the United States, an extension is appropriate. Rule 4 directs district courts to "extend the time for service for an appropriate period" if "good cause exists." FED. R. CIV. P. 4(m). Further, district courts have the discretion to grant an extension in the absence of good cause. *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007).

The SEC filed this action soon after the public announcement of the proposed Anadarko merger. As described above, the SEC has been working diligently to obtain information about the trading and traders at issue. While this investigation has progressed significantly, it is not yet complete. Good cause exists to provide the SEC time to obtain and evaluate the information necessary to make informed prosecutorial decisions and to enable the SEC to amend the Complaint and effectuate service of process on named defendants. *See, e.g., SEC v. One or More Unknown Traders in Sec. of Bioverativ, Inc.*, 18-cv-00701-JGK, Dkt Nos. 21, 27, 34 (S.D.N.Y.) (granting the SEC extensions to amend and serve the complaint while the SEC worked to identify and asses information about unknown trader believed to be overseas).

The requested extension will not prejudice Defendants, who were served with notice of this action pursuant to the terms of the Court's April 29, 2019 Order to Show Cause, Freezing Assets, and Granting Other Relief (Dkt. No 3), and who, on information and belief, have received actual notice of this proceeding through the brokerage firms. The SEC, however, would be prejudiced if it is not granted additional time to serve an amended Complaint, because a dismissal of this action without prejudice could result in the extraterritorial transfer and dissipation of the trading proceeds protected by the Court's asset freeze.

This is the SEC's first request for an extension of time to serve the Complaint and Summons. Defendants have not appeared in this action, and their position on this request is unknown. If the Court has any questions or wishes to discuss this request, I am available for a conference at the Court's convenience.

Respectfully submitted,

**/s/ Keefe Bernstein**
Keefe Bernstein

*Counsel for Plaintiff*
*Securities and Exchange Commission*