

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
Phone: 817-900-2607  email: bernsteink@sec.gov

November 22, 2019

VIA ECF

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 12C
New York, NY 10007

      Re:    *SEC v. One or More Unknown Traders in the Securities of Anadarko Petroleum Corporation,* U.S.D.C for the S.D.N.Y. (1:19-cv-03785-GHW)

To the Honorable Judge Woods:

Pursuant to the Court's July 22, 2019 Order (Dkt. No. 25), Plaintiff Securities and Exchange Commission ("SEC" or the "Commission") respectfully provides this supplemental status letter. In connection therewith, the SEC also respectfully requests that the Court grant the SEC an additional 60 days to amend its Complaint and serve the amended Complaint and Summons. The basis and authority for the request is set forth below.

Status Report

The matter arises from highly suspicious trading by unknown traders using foreign accounts to purchase out-of-the-money call option contracts in the securities of Anadarko Petroleum Corporation ("APC") shortly before the April 12, 2019 announcement of Chevron Corporation's ("Chevron") intention to acquire Anadarko.[1] The unknown traders purchased 1,650 APC calls through an account at Cowen International Ltd. in the UK ("Cowen Account"), a second UK account at Cowen International Ltd. for Sun Global ("Cowen-SG Account"), and an account in Cyprus at Renaissance Securities (Cyprus) Limited ("Renaissance Account").

On April 29, 2019, the SEC filed its Complaint and an *ex parte* emergency application for an order freezing assets and granting other relief to prevent the dissipation of proceeds from the suspicious trading. (Dkt. Nos. 1, 8-10) The same day, the Court entered an Order granting the application. (Dkt. No. 3) On May 20, 2019, the Court entered an Order granting a preliminary injunction extending the asset freeze during this action. (Dkt. No. 13) On July 19, 2019, the SEC filed its first status report and requested a 120-day extension to amend and

---

[1] Occidental Petroleum Corporation ("OXY") placed a successful, rival bid and acquired APC in a merger that closed on or about August 9, 2019, with APC surviving as an indirect, wholly-owned subsidiary of OXY.

serve the amended Complaint. (Dkt. No. 23) On July 22, 2019, the Court granted that request, extending the deadline for the SEC to serve an amended Complaint until November 29, 2019, and ordered the SEC to provide a supplemental status letter by November 22, 2019. (Dkt. No. 25)

As set forth in the SEC's first status report, the SEC has been working diligently here and abroad to obtain additional information about the trading at issue and to identify the traders responsible for the transactions. The SEC, with the assistance of its counterpart regulators in the UK and Cyprus, was able to obtain trading records and account information for relevant accounts. In addition, several domestic and foreign brokerage and investment firms voluntarily provided substantial additional information, including communications related to trading and trading files.

As a result of those efforts, the SEC received information indicating that trades in the Cowen and Cowen-SG Accounts were placed on behalf of a foreign hedge fund that is a client of Sun Global Investments Ltd. ("Sun Global"), a UK-based investment advisory and brokerage firm, and that the trade in the Renaissance Account was requested by Veles International Limited, a Cyprus-based investment firm and subsidiary of IC Veles Capital LLC, a Russian-based investment company (collectively, "Veles"), on behalf of a Cyprus-based client.

At the time the SEC filed its first status report, the document productions, including productions from Sun Global and Veles, were still ongoing. The productions are now substantially complete, and the SEC's enforcement staff has reviewed the documents as well as additional documents received based on follow-up requests. The SEC has also interviewed certain relevant witnesses, received presentations from counsel, and obtained and reviewed additional information from OXY/APC and Chevron.

At this point, the staff believes it has now determined the identities of persons in the UK and Russia responsible for the decisions to purchase the APC securities identified in the Complaint. The staff also believes that it has developed sufficient information about the facts and circumstances surrounding the traders and the trading decisions to enable it to make a recommendation to its client, the Commission, on how to proceed in this litigation. Towards that end, the staff has initiated the process of making a recommendation to the Commission, and that recommendation is being reviewed internally. We anticipate that process will be completed in approximately 4-6 weeks, at which point the staff will be in a position to notify the Court as to how the SEC intends to proceed in this litigation—for example, whether it will seek to amend its Complaint to specifically name defendants or whether the SEC will move to dismiss this action without prejudice.

Request for Service Extension

The SEC therefore respectfully requests that the Court grant it an additional 60 days to amend and serve the Complaint and Summons. Pursuant to Rule 4, the plaintiff is typically required to serve the defendant(s) within 90 days after filing the complaint. FED. R. CIV. P. 4(m). However, this 90-day requirement does not apply to service in a foreign country. *Id.* The SEC has obtained information that the traders at issue are located in the UK and Russia. Thus, the 90-day requirement is likely not applicable in this case.

In the unlikely event that the traders are capable of being served in the United States, an extension is appropriate. Rule 4 directs district courts to "extend the time for service for an appropriate period" if "good cause exists." FED. R. CIV. P. 4(m). Further, district courts have the discretion to grant an extension in the absence of good cause. *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007).

The SEC filed this action soon after the public announcement of the proposed APC merger. As described above, the SEC has been working diligently to obtain information about the trading and traders at issue. Good cause exists to provide the SEC with a reasonable amount of time to complete its evaluation of that information, to make an informed prosecutorial decision, and, if appropriate, to amend the Complaint and effectuate service of process on named defendants. *See, e.g., SEC v. One or More Unknown Traders in Sec. of Bioverativ, Inc.*, 18-cv-00701-JGK, Dkt Nos. 21, 27, 34 (S.D.N.Y.) (granting the SEC extensions to amend and serve the complaint while the SEC worked to identify and asses information about unknown trader believed to be overseas).

The requested extension will not prejudice Defendants, who were served with notice of this action pursuant to the terms of the Court's April 29, 2019 Order to Show Cause, Freezing Assets, and Granting Other Relief (Dkt. No 3), and who, on information and belief, have received actual notice of this proceeding through the brokerage firms and/or their counsel. The SEC, however, would be prejudiced if it is not granted additional time to serve an amended Complaint, because a dismissal of this action without prejudice could result in the extraterritorial transfer and dissipation of the trading proceeds protected by the Court's asset freeze.

This is the SEC's second request for an extension of time to serve the Complaint and Summons. Defendants have not appeared in this action, and their position on this request is unknown. If the Court has any questions or wishes to discuss this request, I am available for a conference at the Court's convenience.

Respectfully submitted,

**/s/ Keefe Bernstein**
Keefe Bernstein

*Counsel for Plaintiff*
*Securities and Exchange Commission*